FARR, Plaintiff and Respondent, vs. LA BELLE LODGE No. 84, F. & A. M., OF VIROQUA and others, Defendants and Respondents: BENNETT, Impleaded Defendant and Appellant.

*March 6—April 2, 1935.*

For the appellant there was a brief by *Grady, Farnsworth & Walker* of Portage, and oral argument by *Walter H. Farnsworth.*

For the respondents there was a brief by *Brody & Crosby* of La Crosse, attorneys for respondent La Belle Lodge No. 84, F. & A. M., of Viroqua, and oral argument by *Lawrence J. Brody.*

ROSENBERRY, C. J.    The question raised upon this appeal is whether or not the court had power to reinstate the redeemed bonds so as to make them payable ratably out of the proceeds of the sale of the property.    The plaintiff advisedly concedes that this cannot be done if the bonds were in fact retired and paid.    A reinstatement was attempted to be made by resolution of the Lodge, which directed that a new bond dated the 1st day of January, 1933, duly executed by the trustees of the Lodge and bearing interest coupons for the remainder of the fifteen-year period which the original bonds had to run, to stand on a like basis and of like security with all other bonds outstanding and secured by the premises described in said trust deed.    The trial court, as a conclusion of law, found that this procedure was sufficient to reinstate the bonds and restore them to their original status.    With respect to the retirement of the bonds, the court found :

"Said bonds when so purchased were delivered unto the Lodge and retired in the same manner as though they had been held and owned by the loaner of said funds, and the said loaner accepted therefor insurance policy, or policies, in twice the principal sum of the bonds so delivered," etc.

The manner in which the bonds were retired is described by the plaintiff in his testimony.    He was the secretary of the building trustees and kept the bond record.    From his testi-

mony, it appears that each of the bonds in question were redeemed and retired, most of them canceled, and some of them destroyed. We find no basis upon which a court could find that the $47,150 of bonds sought to be reinstated were not fully paid and surrendered. The attempt to issue in lieu thereof other bonds of a different date is quite convincing evidence of the fact that nobody considered the bonds turned in under the arrangement by which insurance was to be taken in lieu thereof, were maintained as existing obligations. The persons who took the insurance surrendered their bonds, which entitled them to participate in the proceeds in case of sale, took in lieu thereof life insurance policies in double the amount. That arrangement having gone on for upwards of three years, they now seek to be restored to their original status as bondholders. As the bonds were surrendered and retired, the security of the remaining bondholders was improved to that extent.

We discover no principle of law authorizing a court of equity to remake the contracts of the parties to this litigation. The court was in error in adjudging that the resolution of the Lodge was sufficient to reinstate the bonds, or otherwise to make the reinstated bondholders entitled to share in a distribution of the proceeds of the sale of the real estate pledged to the satisfaction of a specified indebtedness. The claim that the bonds were not retired is unsupported by the evidence in the case. It may well be that, if the Lodge was possessed of the power to make its resolution effective, the proposal has some equitable aspects, but the power of a court of equity does not extend to setting aside the law and divesting parties of their contractual rights under the circumstances of this case.

*By the Court.*—The judgment appealed from is reversed, and cause remanded with directions to enter judgment of foreclosure and distribution of the proceeds among the original bondholders as indicated in the opinion.